KENNON, Judge.
Alleging that he had delivered a bundle of laundry, valued at $135.85, to a laundry truck driver employed by the defendant company for the purpose of having same cleaned and returned, and that the bundle had been lost through negligence of defendant’s employees, plaintiff' filed suit in the City Court of Shreveport,. Louisiana for the value of the lost articles.
Defendant denied receipt of the laundry and all the other allegations of plaintiff’s petition.
The City Court found for plaintiff on the issue of whether or not the laundry had been delivered, but fixed the value of the lost articles at $68.03. After its motion for a new trial was overruled, defendant appealed. Plaintiff answered the appeal, asking that the award be increased to the amount sued fon
Plaintiff, who occupied an apartment in the City of Shreveport, testified that he prepared two bundles of laundry on the day in question, one containing bed linens (which apparently was returned in due course), and the other containing the items sued for. The porter at the building testified that he picked up the two bundles of laundry and delivered them to the laundry room of the apartment house. Mrs. Burris, manager of the building, testified that she saw the two bundles brought down by the porter and that the truck driver for defendant company went in and got the bundles and said that he had “Savoy’s laundry.”
Defendant’s employee, while admitting that he picked up two bundles of laundry on the day in question, stated that one of the bundles was for a- customer named Newton. Defendant, in support of this testimony, introduced in evidence its route sheet which showed only one bundle of laundry under the name of Savoy on the day in question. This route sheet did not contain a bundle entry under the name of Newton.
While the testimony is "conflicting, we find that the record supports the finding of the trial court for plaintiff on the issue of delivery, vel non, of the bundle to defendant’s driver.
*214 Plaintiff’s suit was for the full retail value of the lost articles. In his testimony he frankly -admitted that a reduction should be made due to the fact that the articles had been in use. He further testified that he had purchased most of the articles at a substantial discount due to the fact that he was an employee of a retail concern. Under the circumstances, the value fixed by our brother of the City Court is reasonable.
The judgment is affirmed, with costs.